**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHELLY SMITH,

        Plaintiff-Appellee,

v.

CASHLAND, INC., an Oklahoma
Corporation,

        Defendant-Appellant.

No. 98-6346

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. CIV-97-1350-L)**

---

Submitted on the briefs:

G. Patrick Garrett, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

John Michael Johnston, Oklahoma City, Oklahoma, for Defendant-Appellant.

---

Before **BALDOCK** , **BARRETT** , and **McKAY** , Circuit Judges.

---

**BARRETT** , Senior Circuit Judge.

---

      Defendant-appellant Cashland, Inc. appeals from a judgment entered in

favor of plaintiff-appellee Shelly Smith, who sued Cashland for *quid pro quo*

sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17. [1] We exercise jurisdiction under 28 U.S.C. § 1291, and REVERSE.

## I.

Plaintiff alleged that her employment with Cashland was terminated because she ended a consensual sexual relationship with Cashland's president, Nels Bentson. Cashland contended that plaintiff voluntarily tendered her resignation, but, in the alternative, it desired to present evidence and argument that if the jury found that Cashland had in fact terminated her, her termination was motivated and justified by plaintiff's poor work performance. Two issues are presented for appeal: whether Cashland waived its alternative defense, and if not, whether the district court committed reversible error by essentially striking the defense and barring presentation of evidence to support it.

## II.

The parties argue that different standards of review apply. Plaintiff contends that the sole question is whether the court erred in excluding testimony

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

concerning her alleged poor performance with the company, and urges application of *Hill v. Bache Halsey Stuart Shields Inc.*, 790 F.2d 817, 825 (10th Cir. 1986) (stating that ruling on relevancy of evidence is reviewed for abuse of discretion). Citing *Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997), she further argues that because the court's decision to exclude was based upon its interpretation of the pretrial order, that interpretation is also subject to abuse of discretion review. Cashland argues that the issue is a broader one involving the legal determination of when a defense must be allowed, and that we should review that legal question *de novo.*

Our review of the record shows that the issue is not one of exclusion of evidence but rather whether a defense was improperly barred. Further, the record shows that the trial court did not rely on its interpretation of the pretrial order in making the decision to bar Cashland's defense. We conclude that, because the issue centers on the district court's legal conclusion regarding the right to present a defense, the ruling should be reviewed *de novo. See Key v. Liquid Energy Corp.*, 906 F.2d 500, 505 (10th Cir. 1990) (stating that we independently review conclusions on legal issues).

## III.

"When a plaintiff proves that a tangible employment action resulted from a refusal to submit to a supervisor's sexual demands, he or she establishes that the employment decision itself constitutes a change in the terms and conditions of employment that is actionable under Title VII." *Burlington Indus., Inc. v. Ellerth*, 118 S. Ct. 2257, 2265 (1998); *see* 42 U.S.C. § 2000e-2(a)(1) (forbidding an employer from "discharg[ing] any individual . . . because of such individual's . . . sex"). A defendant-employer may refute such a claim of *quid pro quo* harassment in either of two ways: with proof that no negative employment action was taken by the employer, i.e., that the employee resigned, for example; or by establishing that the decision to terminate was made for legitimate business reasons and not because the employee refused to submit to sexual demands. The first defense challenges the employee's claim of discharge; the second challenges the employee's claim that discharge occurred "because of" refusal to submit to sexual demands.

In this case, Cashland desired to present evidence of both defenses. Contrary to plaintiff's assertion that Cashland waived its legitimate business justification defense, a review of the pretrial order as a whole shows that both parties understood that the motivating factor behind the termination was a contended matter (although Cashland's statement of defenses is not a model of

clarity). *See* Appellee's Supp. App. at 4 (denying plaintiff's factual allegations and raising the issue of poor performance), 8-10 (listing many disinterested witnesses who would testify about plaintiff's poor performance). Cashland did not waive its alternative defense.

The district court concluded that both defenses were not available. It believed that when an employer testifies that the employee resigned, i.e., the employer did not terminate the employee, the employer cannot later argue that the decision to terminate (which was never made, under the employer's theory of resignation) was based on a legitimate, nondiscriminatory motive. *See* Appellee's Supp. App. at 23-30; Appellant's Corrected App. tab G, at 43-45. Plaintiff's counsel pointed out to the district court the two-step nature of a jury's determination when an employer alleges resignation in a *quid pro quo* case. *See* Appellant's Corrected App. tab G, at 19 ("There is a sharp dispute in this case whether she was terminated . . . or whether she quit. . . . And if the jury determines that she was terminated . . . [it] needs to determine . . . whether the job stopped because the sex stopped."). The issue of whether a defendant may present alternative defenses was squarely before the district court, and it ruled that Cashland had to "pick one defense or the other. You have either got to say that she resigned . . . [o]r you have got to say we fired her because we had all of these legitimate reasons to fire her." *Id.* at 43. Cashland refused to withdraw its

contention that plaintiff resigned, and the court barred further testimony tending to prove plaintiff's poor job performance.

The court's conclusion that Cashland had to elect a defense is erroneous. As plaintiff concedes, a defendant is entitled to plead inconsistently in alternative defenses. *See* Fed. R. Civ. P. 8(e)(2) ("A party may also state as many separate . . . defenses as the party has regardless of consistency"); *Champlin v. Oklahoma Furniture Mfg. Co.*, 324 F.2d 74, 76 (10th Cir. 1963) (noting inconsistency that manufacturer denied manufacture of chair while at same time contending that if the chair did come from its factory, the design had been altered after leaving its possession, and stating that the inconsistent defenses were permissible). Bentson contradicted plaintiff's testimony that he terminated plaintiff because of her refusal to continue the affair and there was evidence that Bentson had told plaintiff's husband that "her termination had nothing to do with their relationship." Appellant's Corrected App. tab G, at 15-16. Cashland wished to show that plaintiff should have been terminated before the affair ended because of her poor job performance but was not because she was "running the company for a while" due to her consensual sexual relationship with Bentson, and that, if Bentson terminated her, it was because of poor job performance. *Id.* at 29-30. Just as the circumstantial evidence that termination occurred soon after an employee's refusal to continue an affair is sufficient to support an inference and

finding that termination was "because of" the refusal, circumstantial evidence of poor performance coupled with testimony that the employer did not terminate the employee because of her refusal is sufficient to support an opposite inference and finding that termination was not "because of" the refusal. *Cf. Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) ("A motion to strike [defenses] will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense."), *vacated on other grounds*, 478 U.S. 1015 (1986) (quotations omitted).

Plaintiff argues that because the district court allowed Bentson to testify to a limited degree that he accepted plaintiff's resignation because of her poor work performance, the court did nothing to limit Cashland's defenses to the Title VII claim by not allowing full presentation of evidence from Bentson and other Cashland employees regarding her poor performance. We disagree and conclude that because the district court did not allow Cashland to fully present its defense and argue its theory of the case to the jury, the judgment must be reversed.

The judgment of the United States District Court for the Western District of Oklahoma is **REVERSED** and the case **REMANDED** for new trial.